Juan Santiago Andino, Petitioner, *v.* District Court of San Juan, Hon. C. Llauger Díaz, Judge, Defendant.

No. 1172. Argued April 10, 1939.—Decided April 14, 1939.

*V. Gutiérrez Franqui,* for petitioner. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney* for The People of Puerto Rico.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The instant case is a petition in certiorari filed by Juan Santiago Andino requesting the annulment of a judgment rendered against him by the District Court of San Juan on September 10, 1936, and by virtue of which he was sentenced to three years in jail at hard labor.

After the writ was issued, a hearing was held on the 10th instant, with the assistance of the petitioner through his attorney, and the Fiscal of this Court consented to the petition.

Since the original record was remitted, we will literally transcribe what appears therefrom concerning the judgment sought to be annulled because it was rendered without jurisdiction, thus having committed a grave jurisdictional error in accepting the defendant's plea of guilty without having previously informed him of his right to be represented by counsel, and without investigating whether his plea amounted to an intelligent waiver of his aforesaid constitutional and statutory right.

The case is number 2920 of the District Court of San Juan. It was begun by a complaint presented by the District attorney charging the petitioner with the commission of the crime of attempt to kill. Having set the date of September 10, 1936, for the arraignment the People appeared through the district attorney and the defendant personally, and what follows took place:

"Judge. What is your name?
"Defendant. Juan Santiago, at your service.
"Have you another last name?
"No.
"Is it not Andino?
"Juan Santiago Prosper.
"Judge. The information is amended to read thus instead of Juan Santiago Andino.
"How old are you?
"Fifty years old.
"What occupation?
"Carpenter.
"Where do you live?
"In Santurce.
"Married or single?
"Married.
"Have you any family?
"Yes, sir.
"How many children?
"Two.
"Are you an American citizen?
"Yes, sir.
"(At this moment the complaint was read by the presiding judge.)
"Are you guilty or innocent?
"Guilty.
"Did you shoot with intent . . .
"I shot at random; they jumped at me and I shot at random; I did not shoot at any one. I am guilty of firing the shot.
"Has any one told you to plead guilty?
"No, sir.
"Do you do it voluntarily?
"Voluntarily.

"Do you want me to be sentenced now?

"As you wish.

"That is for you to say.

"Look at me, full of bruises. They jumped at me; I was in my home and they took the gun from my home.

"What do you say? Do you want to be sentenced now.

"Yes, sir.

"Before sentencing you the Court asks you whether you have any legal grounds why you should not be sentenced.

"I fired the shot and did so at random and I fired from the balcony of my house.

"Judge: Considering that he pleads guilty, the court sentences you to three years in jail at hard labor.

"There is another complaint for carrying a weapon, what do you plead?

"Guilty.

"Judge. One month in jail."

Section 141 of the Code of Criminal Procedure, 1935 ed., summing up the constitutional right to be represented by counsel which is set forth in the fifth and sixth amendments to the Constitution and Sec. 2, Par. 2 of our Organic Act, states that:

"If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of councel. If he desires and is unable to employ counsel, the court must assign counsel to defend him."

The act of March 9, 1905, which is transcribed after said section in the 1935 edition of the Code of Criminal Procedure, does not alter the general duty of the court to inform the defendant of his right to be represented by counsel. For the sake of clearness we shall also transcribe it. It reads:

"When the defendant is brought into a court for the purpose of being arraigned upon a charge involving the death penalty or imprisonment for life, if it appears that he has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him free of charge, and the counsel so appointed shall have a reasonable time to prepare for trial. In all other cases such appointment shall be discretionary with the court."

And in order to fix the extent of the constitutional right under consideration, as well as applying it, the Supreme Court of the United States held in the case of *Johnson* v. *Zerbst,* 304 U. S. 458, through Mr. Associate Justice Black, in May 23, 1938:

"Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accussed who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by *habeas corpus.*"

And this very court in the cases of *Hernández Lauerano* v. *Lugo, The People* v. *Rosario Mata* and *The People* v. *Rodríguez Cordero,* decided, respectively, in March 7, 27 and 28, 1939, has construed our statutes covering said grounds in the light of the doctrine of the Federal Supreme Court, and has held that judgments rendered without complying with them are null and void.

What has been stated would suffice to conclude that the writ of certiorari should be issued, inasmuch as the district court never warned the defendant of his right, but there is still more in the instant case. From the answers of the defendant it appears that if he did testify that he had carried the weapon and fired the shot, he said that he carried

the gun in his home and that he fired the shot because "they jumped at him," and under those circumstances the plea of guilty should not have been admitted. These very circumstances disclose the necessity of counsel, a legal expert, who, with a knowledge of the facts, is able to plead in behalf of his client, in due form, all defenses available in his favor.

For that reason the judgment rendered in case number 2920 should be annulled, which finds the petitioner guilty of the crime of attempt to kill, and as it also appears from the record that another judgment was rendered against the petitioner under identical circumstances for carrying the weapon with which he fired the shot, that other judgment should also be annulled, so that the court may continue acting in both instances according to law.